

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

RANDAL ADKINS

    PLAINTIFF

V.                                  CIVIL ACTION NO: /:18-cv-00346

CO, JERRY DAVIS
CO, NICHOLSON CULBERTSON
CO, ARRON CANTRELL
CO, ROBERT MCREYNOLDS
CO, CORY SMITH
    IN THEIR INDIVIUAL AND OFFICAIL CAPACITIES
    DEFENDANTS.

## COMPLAINT

**I.    Jurisdiction & Venue**

**1.** This is a civil action authorized by U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1341(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C 2201 and 2202. Plaintiff Adkins claims for injunctive relief are authorized by 28 U.S.C. section 2285 & 2284 and rule 65 of the federal rules of civil procedure. Plaintiff seeks prospective relief pursuant to 18 U.S.C. § 3626.

**2.** This court has supplement jurisdiction over the plaintiffs state law tort claims under 28 U.S.C § 1367.

**II.    Plaintiffs**

**3.** Plaintiff, Randal Adkins, is and was at all times mentioned herein a prisoner of the state of West Virginia Department of Corrections. He is currently confined at Stevens Correctional Center (SCC), in McDowell, WV 24801.

**III.    Defendant's**

**4.** Defendant, Jerry Davis, is a Sergeant at SCC. Defendant Davis oversees day to day operations of inmates and staff at SCC.

**5.** Defendant, Nicholson Culbertson, is a Corporal at SCC. Defendant Culbertson oversees day to day operations of inmates and staff at SCC.

**6.** Defendant, Aaron Cantrell, is a Sergeant at SCC. Defendant Cantrell oversees day to day operations of inmates and staff at SCC.

**7.** Defendant, Robert McReynolds, is a Corporal at SCC. Defendant McReynolds oversees day to day operations of inmates and staff at SCC.

**8.** Defendant, Cory Smith, is a COII at SCC. Defendant Smith works day to day with inmates.

**9.** Each defendant is being sued in their individual and in his official capacity, except to the extent the defendants cannot be held liable for monetary damages in their official capacities but only to the extent in relation to official capacity. At any and all times each defendant mentioned in this complaint acted sadistically, maliciously, unnecessarily, wantonly, unlawfully, intentionally, excessively, callously and/or with deliberate indifference.

**10.** Each defendant mentioned in this complaint, at any and all times, actions violated the plaintiff's 8th amendment rights guaranteed by the United States Constitution and rights guaranteed by the WV Const. Art III § 5.

**11.** Each defendant mentioned was the cause of this complaint and the allegations by direct, indirect and/or inadvertent actions, decisions, responses and/or tacit authorization of their own or subordinates. All the defendants are located at Stevens Correctional Center: 795 Virginia Ave; Welch, WV 24801

### IV.   Facts

**12.** On Thursday September 28, 2017 the pod was told to lock down. The plaintiff was in his cell, the cell door secure (note: inmates are housed in open area cells with wire cage fencing and door to lock us in the open area).

**13.** C.O. Jerry Davis Came in and told the inmates to get on the cage. The plaintiff grabbed the cage following the defendant Davis's order.

**14.** Defendant Davis called for the door to be opened and told plaintiff Adkins to step out and place my hands on the cage. Again the plaintiff followed defendants Davis instructions.

**15.** Defendant Davis placed the plaintiff in hand cuffs and led the plaintiff out of the pod into the 2nd floor hallway, where petitioner believes there are cameras.

**16.** Defendant Jerry Davis told defendants Smith, McReynolds, Culbertson and Cantrell that he didn't want me on the wall, the he wanted the plaintiff faced first on the floor.

**17.** At this point the plaintiff went to his knees, then went face first to the floor, with plaintiff's legs crossed while being held up to my back side by defendant Davis, beginning the unnecessary use of force.

**18.** Defendant Davis also had his knee in my back and a hand in-between my shoulder blades holding my chest down.

**19.** The Defendants started yelling that I had a big mouth and that they should move me to another floor so someone could shut it for me. The plaintiff told the defendants that he had not been doing anything.

**20.** After some back and forth verbal spat with the officers, Defendant Cantrell asked me are you ready to go back to you cell? The plaintiff responded when you are ready to take me back to my cell, take me back to my cell.

**21.** Defendant Cantrell stated it's a yes or a no question. Defendant Cantrell again asked me are you ready to go back to your cell. The plaintiff again stated when you are ready to take me back to my cell, take me back to my cell.

**22.** Defendant stated we can spray him for being non-compliant. Then the plaintiff was again asked are you ready to go back to your cell. The plaintiff responded as before.

**23.** At that point the plaintiff was sprayed with what plaintiff believes to be O.C., while still in the same restraining position that the plaintiff was in from the beginning.

**24.** At no point in time prior, during and/or after the incident did the plaintiff resist or attempt thereto, refuse any order and/or act in any aggressive manner toward any of the C.O.'s.

**25.** The Plaintiffs eyes and face were burning, was having trouble breathing and serious irrational nasal problem such as, but not limited to coughing and runny nose.

26. The defendant was led to medical for a decontamination shower then placed in a cell for about an hour until Mr. Mutter and C.O. McReynolds came and the plaintiff was led back to my cell.

27. Defendants McReynolds, Cantrell, Smith Davis and/or Culbertson was present and encouraged, instigated, participated and/or failed to protect the plaintiff against the unnecessary forced used on him from herein said officers.

28. Due to the chemical agents being used on, the plaintiff has experienced humiliation, suffering, pain, discomfort and emotional distress such as, but not limited to:
Burning of the face and eyes; choking; sinus problems; nightmares; headaches; mood swings; fear; anxiety; depression

## V.    Exhaustion of Legal Remedies

29. On October 2, 2017 the plaintiff started the grievance process. The grievance was sent to unit manager On Oct 10 2017 the grievance was accepted by unit manager and appealed to warden. The warden accepted the grievance on Oct 11, 2017 and affirmed the unit managers decision on Oct 16, 2017. The grievance was appealed to commissioner on Oct 16, 2017. The commissioner has not responded within the time frame set forth in policy 335.01.

## VI.    Legal Claims

30. Plaintiff alleges and incorporates by reference para 1-29:

31. Defendant Cantrell and/or Davis and/or Smith used excessive force against Plaintiff Adkins by unnecessarily spraying the plaintiff with Chemical Agents and restraining the plaintiff, when the plaintiff was not acting in a aggressive manner towards any officer present nor resisting staff's control and/or was not posing a significant threat to staff and by not following Governing Policies. Defendants Davis and/or Cantrell actions violated plaintiffs Adkins rights under the 8th amendment to the United States Constitutional and Art. III, section 5 of the W.Va. constitution and caused Plaintiff Adkins physical injury, pain, suffering and emotional distress.

32. By witnessing Defendants Cantrell, Davis, and Smith's illegal actions and: failing to protect or stop the misconduct; encouraging the misconduct; failing to report the misconduct; aiding and abetting the misconduct, Defendants McReynolds, Culbertson, Smith, Davis and/or Cantrell has also violated Plaintiff Adkins rights under the 8th amendment to the United States Constitution and Art. III, Section 5 of the W.Va. Constitution, causing plaintiff Adkins physical injury, pain, suffering and emotional distress.

**33.** The actions of defendants Davis, Smith, and Cantrell in using Chemical Agents against the plaintiff without no need or provocation and/or excessively unlawfully intentionally constituted the tort of assault and battery under the law of West Virginia.

**34.** Plaintiff Adkins has no plain, adequate or complete remedy at law to redress the wrongs described herein.

### VII. Prayer For Relief

Wherefore, Plaintiff Adkins Respectfully prays that this court enter Judgment:

**35.** Granting Plaintiff Adkins a declaration that the acts and omissions described herein violates his rights under the constitution and laws of the United States and West Virginia.

**36.** Granting the plaintiff temporary, prospective and permanent injunction as deemed necessary and appropriate to remedy the misconduct such as but not limited to: For the Prison Officials involved to be held accountable for this act of wrongdoing and be disciplined within institutional policy, also criminally and civilly liable.

**37.** Granting plaintiff Adkins compensatory damages in the amount of $500,000 against each defendant jointly and severally for excessive use of force and anything related thereto.

**38.** Granting plaintiff Adkins Punitive damages in the amount of $500,000 against each defendant jointly and severally for excessive use of force and anything related thereto.

**39.** Granting plaintiff Adkins compensatory damages in the amount of $500,000 against each defendant jointly and severally for assault and battery and anything related thereto.

**40.** Granting plaintiff Adkins punitive damages in the amount of $500,000 against each defendant jointly and severally for assault and battery and anything related thereto.

**41.** Plaintiff also seeks a jury trial on all issues tribally by jury.

**42.** Plaintiff also seek recovery of their costs in this suit and/or lawyer fees, and

**43.** Any additional relief this court deems just, proper and equitable.

Dated: 2 30 18

Respectfully Submitted
Randal Adkins
SCC
795 Virginia Ave
Welch, WV 24801

# Verification

I have read the following and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct

Executed at SCC

x _[signature]_

Randall Harris # 3347044
Stevens Correctional Center
795 Virginia Ave
Welch W.VA 24801



$1.76
US POSTAGE
FIRST-CLASS

Clerks Office
United States District Court
Southern District of West Virginia
Elizabeth Kee Federal Building
601 Federal Street Rm 1000
Bluefield W.VA 24701



McDowell County Correctional Center
The Stevens Facility
Outgoing Inmate Mail