IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**RANDAL ADKINS,**            )
                              )
      **Plaintiff,**   )
                              )
**v.**                        )   **Civil Action No. 1:18-00346**
                              )
**C.O. JERRY DAVIS,** *et al.*, )
                              )
      **Defendants.**  )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants' "Motion to Dismiss" (Document No. 16) as moot.

## PROCEDURE AND FACTS

On February 23, 2018, Plaintiff, acting *pro se,* filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Correctional Officer Jerry Davis; (2) Correctional Officer Nicholson Culbertson; (3) Correctional Officer Arron Cantrell; (4) Correctional Officer Robert McReynolds; and (5) Correctional Officer Cory Smith. (Document No. 2.) Plaintiff alleges that Defendants violated his rights under the Eighth Amendment on September 28, 2017. (Document No. 2, p. 2.) Plaintiff states that when the pod was instructed to lock down, Plaintiff was in his cell and the cell door

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

was secure. (Id.) Plaintiff explains that Defendant Davis then entered the pod and instructed inmates "to get on the cage." (Id.) Plaintiff states that he complied with Defendant Davis' order and "grabbed the cage." (Id.) Plaintiff explains that Defendant Davis then "called for the door to be opened and told Plaintiff Adkins to step out and place [his] hands on the cage." (Id., p. 3.) Plaintiff again states that he complied with Defendant Davis' instructions. (Id.) Plaintiff explains that he was then placed in handcuffs and led to the second-floor hallway where Defendants Smith, McReynolds, Culbertson, and Cantrell were also present. (Id.) Plaintiff alleges that Defendant Davis instructed Plaintiff to lay face first on the floor and Plaintiff complied with his instructions. (Id.) Although Plaintiff complied with Defendant Davis's instructions, Plaintiff alleges that Defendant Davis used unnecessary force by applying his knee to Plaintiff's back and "a hand in-between [Plaintiff's] shoulder blades holding [his] chest down" while Plaintiff was lying face first to the floor. (Id.) Plaintiff contends that Defendant Davis then began "yelling that [Plaintiff] had a big mouth and that they should move [Plaintiff] to another floor so someone could shut it for [Plaintiff]." (Id.) Plaintiff states that "[a]fter some back and forth verbal spat with the officers, Defendant Cantrell asked [Plaintiff] 'are you ready to go back to your cell?'". (Id.) Plaintiff states that he responded that "when you are ready to take me back to my cell, take me back to my cell." (Id.) Plaintiff claims that Defendant Cantrell stated that he had asked a "yes or no question" and repeated, "are you ready to go back to your cell." (Id.) Plaintiff acknowledges that he again responded that "when you are ready to take me back to my cell, take me back to my cell." (Id.) Plaintiff alleges that Defendant Cantrell stated that Plaintiff could be sprayed with OC spray for being non-complaint, and Defendant again repeated the same question

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2

as above. (Id.) When Plaintiff repeated his same response as stated above, Plaintiff alleges that Defendants Cantrell, Davis, and/or Smith sprayed Plaintiff with OC spray. (Id., pp. 3 – 4.) Plaintiff states that he was still lying face first down on the floor when he was sprayed with the OC spray. (Id., p. 3.) Plaintiff further states that "[a]t no point in time prior, during, and/or after the incident did the Plaintiff resist or attempt thereto, refuse any order and/or act in any aggressive manner toward any of the C.O.s" (Id.) As a result of the foregoing, Plaintiff alleges that he suffered from burning to his eyes and face, difficulty breathing, and "serious irrational nasal problem such as, but not limited to, coughing and runny nose." (Id.) Finally, Plaintiff alleges that "Defendants McReynolds, Cantrell, Smith, Davis, and/or Culbertson were present and encouraged, instigated, participated, and/or failed to protect the Plaintiff against the unnecessary force." (Id.) Plaintiff requests declaratory, monetary, and injunctive relief. (Id., p. 5.) In support, Plaintiff attaches a copy of his sworn Declaration and his grievance. (Document No. 4.)

By Order entered on March 13, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and the Clerk issued process on the same day. (Document Nos. 6 and 7.) On April 6, 2018, Defendants filed their Answer, "Motion to Dismiss," and Memorandum in Support.[2] (Document Nos. 16 – 18.) In their Motion to Dismiss, Defendants argue that Plaintiff's claims against Defendants in their official capacity should be dismissed based on the following: (1) "Plaintiff has failed to state a claim upon which relief can be granted

---

[2] Defendants acknowledge that Plaintiff asserts claims against Defendants in both their individual and official capacities. Defendants note that their Motion to Dismiss addresses only Plaintiff's claims against Defendants in their official capacities. Defendants filed an Answer responding to Plaintiff's claims against Defendants in their individual capacity.

against Defendants in their official capacities as they are not "persons" within the meaning of § 1983" (Document No. 17, pp. 3 – 4.); and (2) "Defendants are immune from suit in their official capacities under the Eleventh Amendment to the United States Constitution" (Id., pp. 5 – 7.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 9, 2018, advising him of the right to file a response to Defendants' "Motion to Dismiss." (Document No. 19.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Complaint, Plaintiff did not file a response to Defendants' "Motion to Dismiss" (Document No. 16). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on June 6, 2018, directing Plaintiff to "show cause in writing on or before July 5, 2018, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 20.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motion to Dismiss (Document No. 16). (Id.) Plaintiff has made no contact with this Court since March 26, 2018, when advised the Court of his change of address. (Document No. 15.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

---

the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since March 26, 2018, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of Defendants' Motion to Dismiss (Document No. 16) and the Court's Roseboro Notice (Document No. 19). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants have filed a Motion to Dismiss, there is no indication that Defendants have expended sufficiently time or resources defending Plaintiff's action. Defendants' Motion to Dismiss merely addresses Plaintiff's claims against Defendants in their official capacities. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory.[4] Plaintiff, however, has completely failed to take any action in

---

[4] The undersigned notes that Plaintiff filed a Complaint on November 1, 2017, initiating Civil Action No. 1:17-04259. (Civil Action No. 1:17-04259, Document No. 1.) By Proposed Findings and Recommendation entered on November 28, 2017, the undersigned recommended that Plaintiff's Complaint be dismissed because the face of the Complaint clearly showed that Plaintiff failed to fully exhaust his administrative remedies prior to filing his Complaint. (Id., Document No. 7.) On January 8, 2018, Plaintiff filed his "Amended Complaint" requesting to include the following statement: "The plaintiff has appealed his grievance to the commissioner

these proceedings for nearly seven months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order.[5] In consideration of all factors, the undersigned concludes that dismissal for failure to

---

but has not received any response. It has been over 30 days, well over the 15 days to respond time frame allotted by Policy Directive 335.00." (*Id.*, Document No. 8.) Plaintiff requested that he be allowed "to proceed with the above civil action and/or grant any relief that this court deems just, appropriate and equitable." (*Id.*) By Order entered on January 9, 2018, the undersigned advised Plaintiff that to the extent he believed his administrative remedies were now fully exhausted, Plaintiff should file a new Complaint initiating a new civil action. (*Id.*, Document No. 9.) Plaintiff initiated the instant action on February 23, 2018. (Civil Action No. 1:18-0346, Document Nos. 1 and 2.) By Memorandum Opinion and Order entered on April 4, 2018, United States District Judge David A. Faber adopted the undersigned's Proposed Findings and Recommendation and dismissed Plaintiff's Complaint in Civil Action No. 1:17-04259. (Civil Action No. 1:17-04259, Document Nos. 11 and 12.)

[5] It appears that the Court's "Order and Notice" enter on June 6, 2018, was returned as undeliverable. (Document Nos. 20 and 21.) The undersigned, however, notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P.

prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[6] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice, **DENY as moot** Defendants' "Motion to Dismiss" (Document No. 16), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number."). The record reveals that Plaintiff is aware of this obligation as he previously provided the Court with an update address. (Document No. 15.)

[6] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad

8

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 18, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

faith. *See Hanshaw*, 2014 WL 4063828, at * 5.